**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                           **CASE NO.  4:06CR00314**

**JON DAVID KNOWLES**

**ORDER**

Pending is Defendant's *pro se* motion for return of items seized but not forfeited. (Docket # 24).  Defendant seeks the return of certain property that he claims was seized but not forfeited in connection with the above styled case.  The government has responded.

Defendant was sentenced on October 1, 2007 to 96 months imprisonment followed by 3 years of supervised release for violation of 18 U.S.C. §2252A(a)(3)(B), advertising child pornography.  He requests the return of the following items that were seized in connection with a search warrant executed at his premises on or about September 20, 2004: two cassette tapes, a Blockbuster receipt; undeveloped film; an envelope with handwriting; approximately nine disks; approximately thirty-two CDs; and two ziploc bags with brown pills.   The government has provided evidence demonstrating that the items were destroyed on January 5, 2009 pursuant to the standard procedures of the Federal Bureau of Investigation.

Federal Rule of Criminal Procedure 41(g) provides, in part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  However, if property held by the government has been lost, destroyed or transferred to a third party, sovereign immunity bars the award of monetary damages in a motion brought pursuant to Rule 41(g). *United States v. Hall*, 269 F.3d 940, 943 (8th Cir.2001).

The evidence clearly demonstrates that the subject property is no longer in the possession of the government. The Defendant cannot make a claim for money damages pursuant to Fed. R. Crim. P. 41(g). *Id.* at 943 (Rule 41 motion is an equitable action only and sovereign immunity prohibits an individual from recovering monetary damages for unreturned property).

For these reasons, Defendant's motion for return of property is DENIED. However, the Court will allow the Defendant thirty (30) days from the date of this Order to state an alternative claim for money damages.

IT IS SO ORDERED this 6th day of January, 2011.

_____
James M. Moody
United States District Judge